David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com
-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|  |  |
|---|---|
| FEDERAL INSURANCE COMPANY, a/s/o AGC Engineering, Inc. | : ECF CASE |
|  | : |
| Plaintiff, | : 07 Civ. 10475 (WHP) |
|  | : **COMPLAINT** |
| - against - | : |
|  | : |
| UNITED PARCEL SERVICE, INC.; UPS SUPPLY CHAIN SOLUTIONS, INC. | : |
|  | : |
| Defendants. | : |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1. Plaintiff Federal Insurance Company is a corporation organized under the laws of one of the fifty states with an office at 55 Water Street, New York, New York, and sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of AGC Engineering, Inc., and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2. Defendants United Parcel Service, Inc. ("UPS") and UPS Supply Chain Solutions, Inc. ("UPS-SCS") are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states. UPS is believed to be a New York corporation with its principal place of business in Atlanta, Georgia.

UPS-SCS is believed to be a Delaware corporation with its principal place of business in Atlanta, Georgia.

3. This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York as common carriers of cargo for hire including the pickup and delivery of shipments in New York and the provision of services related thereto.

**FIRST CAUSE OF ACTION**

4. Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5. This Court has federal question subject matter jurisdiction pursuant to 28 USCA Sec. 1331. There is also diversity, pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments, protocols and successor treaties thereto in effect in the country of origin and destination at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, <u>1999 WL 33292734 (2000)</u> (entered into force Nov. 4, 2003) ("Montreal Convention").

7. This action involves loss and damage to a heater exchanger and related parts and equipment, which moved from Portland, Oregon, to Melbourne, Australia, as described more fully in UPS Supply Chain Solutions air waybill

546664887T dated on or about July 21, 2006, and UPS air waybill 406-PDX-70832694 dated on or about July 24, 2006, and others. (UPS Ref.: X20-785922, Shipper Account No.: 543044986, Pro No.: 378691)

8.  Said loss and damage was the result of defendants' fault, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, carry, protect, transfer and care for the cargo in question and in that defendants had no proper and effective procedures to receive, handle, carry, protect transfer and care for the cargo.

9.  By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $39,805.00, no part of which has been paid although duly demanded.

10. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this complaint.

12. Defendants' air waybills were not issued in a timely manner and did not comply with, or contain all the particulars required by, the Warsaw Convention, including Article 8.

13. Therefore, pursuant to the Warsaw Convention, including Article 9, defendants may not avail themselves of the provisions of the Convention which allegedly exclude or limit their liability.

## THIRD CAUSE OF ACTION

14. Plaintiff repeats and realleges the allegations in paragraphs 1,2,3,5,7,8,9 and 10 of this complaint.

15. When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition. However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead the cargo was damaged while in the care, custody and control of defendants and was rendered unfit for intended usage.

16. Therefore, defendants, as common carriers, bailees, and/or warehousemen for hire are liable to plaintiff for the claimed loss and damage to the cargo in suit.

WHEREFORE, plaintiff demands judgment against defendants:

(a) for the sum of $39,805.00;

(b) for prejudgment interest at the rate of 9% per annum;

(c) for the costs and disbursements of this action;

(d) for such other and further relief as the Court deems proper and just.

Date: New York, New York
November 20, 2007

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____
David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7C-1487

4